John A. Pearce, State Bar No. 8585
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
95 South State Street, Suite 1000
Salt Lake City, UT  84111
Telephone: (801) 401-8510
Facsimile: (866) 974-7329
JPearce@wsgr.com

Matthew A. Macdonald (Admitted Pro Hac Vice)
Kelly M. Knoll (Admitted Pro Hac Vice)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA  94304
Telephone: (650) 493-9300
Facsimile: (866) 974-7329
kknoll@wsgr.com
matthew.macdonald@wsgr.com

*Attorneys for Defendant Google LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CORWIN MURRAY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ALPHABET INC., a Delaware corporation; GOOGLE LLC, a Delaware limited liability company; and DOES I-X,<br><br>Defendants. | **GOOGLE LLC'S ANSWER TO COMPLAINT**<br><br>**JURY DEMANDED**<br><br>Case No.:  2:26-cv-00415-TS-DAO<br><br>Judge Ted Stewart<br><br>Magistrate Judge Daphne A. Oberg |

Defendant Google LLC ("Google") hereby answers Plaintiff's Complaint (ECF No. 1-1).

To the extent the paragraphs of the Complaint are grouped under headings and subheadings, Google responds generally that such headings and subheadings (some of which are repeated below for reference only and which do not constitute admissions) state legal conclusions and inferences to which no response is required. To the extent a response is necessary, Google denies each and every heading and subheading in the Complaint and incorporates by reference this response in each Paragraph below as if fully set forth herein.

Except as expressly admitted herein, Google denies any and all allegations as set forth in the Complaint. Google expressly reserves the right to amend and/or supplement its Answer as may be necessary. Google further answers the Complaint as follows:

<u>**ANSWER**</u>

**INTRODUCTORY STATEMENT**

Google admits that Gemini is a family of multimodal artificial intelligence ("AI") models developed by Google. Google further admits that it offers various products and services to the public, including under the name "Gemini." The Introductory Statement contains conclusions of law, to which no response is required. To the extent a response is required, Google denies that Plaintiff is entitled to any relief. Google lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in the Introductory Statement.

To the extent any allegation is not expressly admitted, Google denies it.

**PARTIES**

1.      Google admits that that city of Roosevelt, Utah is located in Duchesne County, Utah. Google does not contest that Plaintiff is an individual residing in Roosevelt, Utah.

2.      Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 and on that basis denies them.

3.      Google notes that Plaintiff's claims against Alphabet Inc. were voluntarily dismissed on May 26, 2026. *See* ECF No. 12. Nevertheless, Google admits that Alphabet Inc. is a Delaware corporation with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, CA 94043, in the United States. Google denies the remaining allegations in Paragraph 3.

4.      Google admits that Google LLC is a Delaware limited liability company with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, CA 94043, in the United States. Google denies the remaining allegations in Paragraph 4.

**JURISDICTION AND VENUE**

5.      Google understands "This Court" in Paragraph 5 of the Complaint to refer to the Eighth Judicial District Court of Duchesne in and for Duchesne County, State of Utah, in which Plaintiff originally filed this action. Google does not contest that the Eighth Judicial District Court of Duchesne originally had jurisdiction over this action. Google denies that the Eighth Judicial District Court of Duchesne continued to have jurisdiction over this action following its removal to federal district court.

6.      Google does not contest personal jurisdiction in the District of Utah. Google denies the remaining allegations in Paragraph 6.

7.      Paragraph 7 is a legal conclusion to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 7.

8.      Google does not contest venue in the District of Utah. Google denies the remaining allegations in Paragraph 8.

9.      Google admits that the Complaint seeks damages in excess of $300,000. Google denies the remaining allegations in Paragraph 9.

**FACTUAL ALLEGATIONS**

10.     Google notes that, according to publicly available records, Mr. Murray has been convicted of crimes and, on that basis, denies that Mr. Murray is a "law-abiding citizen." Google otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 10 and on that basis denies them.

11.     Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 and on that basis denies them.

12.     Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 and on that basis denies them.

13.     Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 and on that basis denies them.

14.     Google admits that the cited webpage, https://duchesne.utah.gov/gov/about-the-county/duchesne-county-profile/, states that the "2020 Population" of Duchesne County, Utah was "19,596." Google lacks information sufficient to form a belief about the truth of the remaining allegations in Paragraph 14 and on that basis denies them.

-3-

15. Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 and on that basis denies them.

16. Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 and on that basis denies them.

17. Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 and on that basis denies them.

18. Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 and on that basis denies them.

19. Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 and on that basis denies them.

20. Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 and on that basis denies them.

21. Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 and on that basis denies them.

22. Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 and on that basis denies them.

23. Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 and on that basis denies them.

24. Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 and on that basis denies them.

25. Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 and on that basis denies them.

26.    Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 and on that basis denies them.

27.    Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 and on that basis denies them.

28.    Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 and on that basis denies them.

29.    Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 and on that basis denies them.

30.    Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 and on that basis denies them.

31.    Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 and on that basis denies them.

32.    Google admits that it operates a search engine through which users can make queries. Google further admits that Gemini is a family of multimodal AI models developed and operated by Google. Paragraph 32 contains a legal conclusion as to "publication" to which no response is required. To the extent a response is required, Google denies the remaining allegations in Paragraph 32.

33.    Google admits that Paragraph 33 contains images that purport to be screenshots. Google admits that those purported screenshots appear to show select portions of search queries and/or Google search results. Paragraph 33 contains a legal conclusion as to "publication" to which no response is required. To the extent a response is required, Google denies the remaining allegations in Paragraph 33.

34.    Google admits that a purported screenshot on Page 8 of the Complaint includes the text "Corwin Lewis Murray, 33, of Duchesne County, Utah" quoted in Paragraph 34. Google further admits that a purported screenshot on Page 6 of the Complaint includes the text "Reports indicate that Corwin Murray was arrested in Roosevelt, Duchesne County Utah in May 2025 as part of an FBI nationwide sting operation targeting . . . sex abuse," but notes that there appears to be a word between "targeting" and "sex abuse" that is obscured. Google otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 and on that basis denies them.

35.    Insofar as Plaintiff is alleging that Google "fabricated sources" reporting on Mr. Murray, Google denies that allegation. Google otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 and on that basis denies them.

36.    Google admits that a purported screenshot on Page 8 of the Complaint includes the text quoted in Paragraph 36. Google otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 and on that basis denies them.

37.    Google admits that purported screenshots on Page 6 of the Complaint include the text quoted in Paragraph 37. Paragraph 37 contains a legal conclusion as to "publication" to which no response is required. To the extent a response is required, Google denies that it published false and defamatory statements concerning Mr. Murray. Google otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 and on that basis denies them.

38.    Google admits that a purported screenshot on Page 6 of the Complaint includes the text quoted in Paragraph 38 and the name "Goodrich." Google otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 and on that basis denies them.

39.    Google admits that a purported screenshot on Page 6 of the Complaint includes the text quoted in Paragraph 39, but notes that the image on Page 6 includes the word "currently" between the phrases "Murray is" and "being held." Paragraph 39 contains a legal conclusion as to "publication" to which no response is required. To the extent a response is required, Google denies that it published false and defamatory statements concerning Mr. Murray. Google otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 and on that basis denies them.

40.    Google admits that Paragraph 40 contains images that purport to be screenshots. Google admits that those purported screenshots appear to show select portions of search queries and/or Google search results. Google denies that any of those purported screenshots capture both the complete query and complete response. Google admits that a purported screenshot on Page 10 of the Complaint includes the text "corwin Lewis murray" in a user query. Google further admits that entirely different purported screenshots on Pages 10 and 11 include the text "Roosevelt, Utah," "Duchesne County, Utah," and "33 years old" or "33-year-old." Google otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 52 and on that basis denies them.

41.     Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41 and on that basis denies them.

42.     Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 and on that basis denies them.

43.     Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 and on that basis denies them.

44.     Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44 and on that basis denies them.

45.     Paragraph 45 contains a legal conclusion as to "publication" to which no response is required. To the extent a response is required, Google denies that it published false and defamatory statements concerning Mr. Murray. Google otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45 and on that basis denies them.

46.     Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46 and on that basis denies them.

47.     Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47 and on that basis denies them.

48.     Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48 and on that basis denies them.

49.     Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49 and on that basis denies them.

50. Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50 and on that basis denies them.

51. Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 and on that basis denies them.

52. Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52 and on that basis denies them.

53. Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53 and on that basis denies them.

54. Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54 and on that basis denies them.

55. Google denies "broadcasting" that Mr. Murray had engaged in predatory criminal conduct and had been arrested. Google lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 55 and on that basis denies them.

56. Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56 and on that basis denies them.

57. Paragraph 57 contains a legal conclusion as to "publication" to which no response is required. To the extent a response is required, Google denies that it published false and defamatory statements concerning Mr. Murray. Google otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57 and on that basis denies them.

58. Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58 and on that basis denies them.

59.    Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59 and on that basis denies them.

60.    Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60 and on that basis denies them.

61.    Paragraph 61 contains a legal conclusion as to "publication" to which no response is required. To the extent a response is required, Google denies that it published false and defamatory statements concerning Mr. Murray. Google otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61 and on that basis denies them.

62.    Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62 and on that basis denies them.

63.    Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63 and on that basis denies them.

64.    Google denies that it caused harm to Plaintiff. Google lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 64 and on that basis denies them.

65.    Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65 and on that basis denies them.

66.    Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66 and on that basis denies them.

67.    Google admits that Plaintiff contacted Google concerning alleged factual inaccuracies, including through correspondence from Plaintiff's counsel. Google otherwise lacks

knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67 and on that basis denies them.

## FIRST CAUSE OF ACTION
**Defamation and Defamation Per Se — Both Defendants**

68.     Google reiterates its responses to the preceding paragraphs of this Answer as if fully set forth herein.

69.     Paragraph 69 contains a legal conclusion as to "publication" to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 69.

70.     Paragraph 70 is a legal conclusion to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 70.

71.     Paragraph 71 contains a legal conclusion as to "publication" to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 71.

72.     Paragraph 72 contains a legal conclusion to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 72.

73.     Paragraph 73 contains a legal conclusion as to "publication" to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 73.

74.     Paragraph 74 is a legal conclusion to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 74.

75.     Paragraph 75 contains a legal conclusion as to "publication" to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 75.

76.     Google denies the allegations in Paragraph 76.

77.     Paragraph 77 contains a legal conclusion as to "publication" to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 77.

-11-

78.   Google denies the allegations in Paragraph 78.

79.   Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79 and on that basis denies them.

80.   Paragraph 80 is a legal conclusion to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 80.

81.   Google denies the allegations in Paragraph 81.

82.   Google denies the allegations in Paragraph 82.

83.   Google denies the allegations in Paragraph 83.

84.   Paragraph 84 is a legal conclusion to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 84.

## SECOND CAUSE OF ACTION
### False Light — Both Defendants

85.   Google reiterates its responses to the preceding paragraphs of this Answer as if fully set forth herein.

86.   Paragraph 86 contains a legal conclusion as to "publication" to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 86.

87.   Paragraph 87 contains a legal conclusion as to "publication" to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 87.

88.   Paragraph 88 is a legal conclusion to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 88.

89.   Paragraph 89 is a legal conclusion to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 89.

90.   Google denies the allegations in Paragraph 90.

91. Paragraph 91 contains a legal conclusion as to "publication" to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 91.

92. Google denies the allegations in Paragraph 92.

93. Google denies the allegations in Paragraph 93.

94. Google denies the allegations in Paragraph 94.

95. Paragraph 95 is a legal conclusion to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 95.

## DEMAND FOR JURY TRIAL

Google admits that Plaintiff seeks a jury trial as to all claims and issues triable by a jury.

## PRAYER FOR RELIEF

With respect to Plaintiff's prayers for relief (articulated in Paragraphs 1 to 6), Google denies all of Plaintiff's claims for relief.

## AFFIRMATIVE AND OTHER DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Google asserts the following affirmative and other defenses, and does so on information and belief as to the actions of others. Google does not concede that it bears the burden of proof or persuasion on any of these defenses. Google reserves the right to assert additional defenses in the event that discovery or further investigation demonstrates that any such defense is appropriate or applicable.

## FIRST DEFENSE
### (Lack of Standing)

Plaintiff lacks standing to make the claims because he has not suffered any injury or harm from Google's conduct.

-13-

**SECOND DEFENSE**
**(Good Faith)**

Google acted in good faith and is not guilty of willful, malicious, or intentionally fraudulent conduct, or of knowing and reckless indifference, and so cannot be liable for punitive damages under Utah Code Section 78B-8-201(a) in connection with any of Plaintiff's claims.

**THIRD DEFENSE**
**(No Entitlement to Punitive Damages)**

Plaintiff's claims are barred, in whole or in part, because any award of punitive damages would violate Google's due process rights under the United States Constitution, including the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

**FOURTH DEFENSE**
**(Unclean Hands)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**FIFTH DEFENSE**
**(Failure to Mitigate)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to mitigate his damages, if any.

**SIXTH DEFENSE**
**(Allocation of Damages)**

The liability of Google, if any, and the right of Plaintiff to recover in this litigation, if any, can only be determined after the percentage or proportion of fault of all parties to the incident complained of, whether or not those individuals are parties to this litigation, is determined. Google is entitled to allocate fault to each and every person for whom there is a factual and legal basis to allocate fault, including Plaintiff himself, under Utah Code Section 78B-5-817 *et seq*.

### SEVENTH DEFENSE
### (Truth)

Plaintiff's claims are barred, in whole or in part, insofar as the statements at issue are substantially true.

### EIGHTH DEFENSE
### (Consent)

Plaintiff's claims are barred, in whole or in part, insofar as Plaintiff solicited and/or consented to the statements at issue.

### NINTH DEFENSE
### (Privilege)

Plaintiff's claims are barred, in whole or in part, because the statements at issue are privileged.

### TENTH DEFENSE
### (Communications Decency Act)

Section 230(c)(1) of the Communications Decency Act ("CDA") bars any claims against Google that seek to treat it as the "publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). In publishing material that was provided by another party, whether through Google Search or through Google's other online services, Google engaged in traditional publisher conduct. Insofar as Plaintiff is seeking to hold Google liable for acting as a publisher with regard to third parties' content, Plaintiff's claims are barred by Section 230(c)(1). *See Barnes v. Yahoo!, Inc.*, 570 F. 3d 1096, 1105 (9th Cir. 2009) ("Subsection (c)(1), by itself, shields from liability all publication decisions, whether to edit, to remove, or to post, with respect to content generated entirely by third parties.").

### ELEVENTH DEFENSE
### (First Amendment)

Plaintiff's claims are barred, in whole or in part, by the First Amendment to the United States Constitution. The First Amendment bars Plaintiff's effort to hold Google liable for its editorial judgments about what information to present to users in response to search queries. In choosing what material to display in its search results, Google is engaging in speech protected by the First Amendment and cannot be held liable for that expression of opinion. As to statements appearing in Google's "AI Overviews" and "AI Mode," Google has a protected First Amendment right to speak about matters of public concern and/or because the at-issue statements in "AI Overviews" and "AI Mode" were not made with the required degree of fault to impose liability for defamation or false light.

### TWELFTH DEFENSE
### (Contract)

Plaintiff's claims are barred, in whole or in part, by contracts he entered into with Google, including but not limited to the provisions of those contracts regarding Google's "Liabilities" and "Warranty Disclaimer."

### **PRAYER FOR RELIEF**

WHEREFORE, Google respectfully requests the following relief:

1. A judgment in favor of Google denying Plaintiff all relief requested in his Complaint in this action and dismissing Plaintiff's Complaint with prejudice;

2. That Google be awarded its costs of suit, including reasonable attorney's fees; and

3. That the Court award Google such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Google demands a trial by jury on all issues so triable.


Dated:  June 26, 2026                                        WILSON SONSINI GOODRICH & ROSATI
                                                             Professional Corporation


                                                             By:  _/s/ John A. Pearce_____
                                                                   John A. Pearce
                                                                   JPearce@wsgr.com

                                                             *Attorneys for Defendant Google LLC*